UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARMA RAM,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | NO.  C12-422-RSL-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Jarma Ram appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I.　　FACTS AND PROCEDURAL HISTORY

At the time of her administrative hearing, plaintiff was a 36 year-old woman with a college education.  Administrative Record ("AR") at 49-50.  Her past work experience includes employment as a research survey worker, social services aide, and a furniture sales person.  AR at 35.

REPORT AND RECOMMENDATION - 1

On September 25, 2008, plaintiff filed a claim for SSI payments and for DIB, alleging an onset date of April 1, 2003. AR at 23. Plaintiff asserts that she is disabled due to multiple sclerosis and mental impairments. AR at 26-30.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 23. Plaintiff requested a hearing which took place on September 9, 2010. AR at 45-113. On October 29, 2010, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 23-37. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

### IV.   EVALUATING DISABILITY

As the claimant, Ms. Ram bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On October 29, 2010, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2008.

2. The claimant engaged in substantial gainful activity since during the following periods: October 2009 through the present.

3. There has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: multiple sclerosis.

5. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently. The claimant has no restrictions with sitting, standing, or walking. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to hazards.

7. The claimant is capable of performing past relevant work as a survey worker, social services aide, and sales person furniture. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

8. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2003, through the date of this decision.

AR at 25-37.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ properly found the plaintiff not credible.

2. Whether the ALJ properly found that the plaintiff's mental condition was non-severe.

3. Whether the ALJ gave proper weight to the opinion of the treating physician and therapist.

Dkt. No. 10 at 1.

## VII. DISCUSSION

### A. The ALJ Did Not Err In Her Credibility Determination

The ALJ found although plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the determined RFC. AR at 31. To support the adverse credibility determination, the ALJ cited (1) plaintiff's care for a young child at home, which is demanding, both physically and emotionally; (2) plaintiff's wide-ranging activities of daily living; (3) conservative treatment of her symptoms; (4) failure to follow a prescribed course of treatment; (5) actual work during the claimed period at issue; (6) errors in reporting her prior work; and (7) the lack of objective medical evidence supporting the claimed limitations.

Plaintiff alleges the ALJ erred. First, she claims that the fact that she was able to begin to work part-time in October 2009 and continue to do so through the date of the ALJ decision should not be used against her. Second, plaintiff argues that her daily activities are not indicative of abilities greater than those to which she testified. Finally, in her reply, she also

REPORT AND RECOMMENDATION - 6

claims that it was difficult to remember her entire work history, and this should not be used to undermine her credibility. The plaintiff's claims fail.

Plaintiff was able to go to work on a part-time basis beginning in September 2009 at the University of Washington. She earned $3,586 in 2009, and $8,702 in 2010, through August. Plaintiff indicated she worked between twenty hours per week and thirty-two hours per week. As the ALJ noted, a plaintiff is presumed to have engaged in substantial gainful activity if her monthly earnings exceed $980 in 2009 and $1,000 in 2010. She exceeded this threshold for all time periods beginning October 2009. Accordingly, the focus was on the time period from between 2003 through October 2009. Plaintiff argues that this is tantamount to penalizing her. It is not. Instead, it is a fairly straightforward application of the regulations. *See* 20 C.F.R. §§ 404.1572(a) ("Your work may be substantial even if it is done on a part-time basis…."); Program Operations Manual System ("POMS") DI 10501.015(B) (monthly substantial gainful activity levels were $980 for 2009 and $1,000 for 2010). Although plaintiff suggests that the Court find plaintiff was engaged only in a trial work period, there is no basis for such a claim under the regulations. 20 C.F.R. §§ 404.1520 (a)(4). Consequently, the issue is whether the plaintiff was disabled from April 1, 2003 through September 30, 2009.

The ALJ made extensive reference to the activities engaged in by plaintiff. Although she claimed "extreme fatigue" in September 2008, she also noted in June 2008 that she was a "typical single mom and that her daughter took all of her energy and time. AR at 197-98. Her activities as a caretaker were discussed throughout the record, which led to the ALJ's conclusion that her care for a young child at home was demanding, both physically and emotionally. AR at 31. Indeed, plaintiff also reported engaging in washing dishes, cleaning floors, bathrooms, vacuuming and laundry, preparing meals, driving, shopping, and taking a computer class which is inconsistent with her reported loss of function of her right wrist and

REPORT AND RECOMMENDATION - 7

arm. AR at 31. An ALJ may rely upon the plaintiff's report of daily activities to discredit her credibility. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). After considering the wide range of activities, the ALJ concluded that plaintiff's claimed limitations were not as limiting as she alleged. Substantial evidence in the record supports the ALJ's findings.[2]

Plaintiff also objects to the ALJ's reliance upon plaintiff's inability to recall her entire work history. If this were the only reason supporting the adverse credibility determination, the argument might have merit. However, it is not necessary to reach this issue, because of the number of other reasons identified above, which remain unaddressed by plaintiff. The role of this Court is limited. As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at1039. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas*, 278 F.3d at 954. While it may be arguably possible to interpret the evidence as suggested by plaintiff, it is not possible to conclude that this is the only rational interpretation of the evidence. The ALJ did not err in her adverse credibility determination.

    B.    The ALJ Did Not Err By Finding Plaintiff's Mental Impairments To Be Non-Severe

At step two, the ALJ concluded that plaintiff suffered from multiple sclerosis and obesity as severe impairments. The ALJ did not find that plaintiff's mental impairments constituted severe impairments. The ALJ did, however, address some of plaintiff's mental

---

[2] Although plaintiff did not assign error to the treatment of plaintiff's mother's testimony, in her brief, she stated in two sentences that one of the reasons given for discounting the statements were not supported by the record. Because there is no assignment of error, this issue is not before the Court. However, the ALJ's comment that the mother's statements regarding her limitations are not consistent with plaintiff's statements regarding her wide range of daily activities or with the objective medical evidence.

REPORT AND RECOMMENDATION - 8

limitations in her RFC determination at Step 4. Plaintiff argues that the ALJ erred by failing to find that her mental impairments rose to the level of severe impairments at step two.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs – the results of 'medically acceptable clinical diagnostic techniques,' such as tests – as well as symptoms," a claimant's own perception or description of physical or mental impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). A claimant's own statement of symptoms alone is *not* enough to establish a medically determinable impairment. *See* 20 C.F.R. §§ 404.1508, 416.908.

The ALJ's opinion contained a fairly lengthy discussion of plaintiff's mental impairments. *See, e.g.*, AR at 27-30. The ALJ concluded that plaintiff's "medically determinable mental impairments of an affective disorder and an anxiety disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." AR at 29.

Plaintiff argues that the ALJ erred, because she did not follow the opinion of Diane Fligstein, Ph.D. who prepared a Mental Residual Functional Capacity Assessment and

Psychiatric Review Technique assessment on February 12, 2009. (AR at 618-35). Plaintiff contends that the ALJ's finding of non-severity is contradicted by a finding that plaintiff had "moderate" difficulties in maintaining concentration, persistence or pace (AR at 632), and moderate limitations in the "ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances." (AR at 618). Dkt. 10 at 7. Finally, plaintiff asserts that there is "no support for the ALJ's findings," and that "all the evidence in the record is to the contrary." Dkt. 10 at 7.

The ALJ did not err. Contrary to plaintiff's arguments, Dr. Fligstein opined that plaintiff's "fatigue, depression, and panic attacks *may* interfere with job attendance at times but would not preclude full-time work the majority of the time." AR at 620. This was consistent with the ALJ's determination that plaintiff was able to engage in work-related activities not precluded by her impairments. Moreover, the ALJ cited additional psychological reports in support of her decision. For example, the ALJ gave great weight to a 2009 psychiatric consultative examination conducted by Romalee Davis, M.D.

> It was found that the claimant appeared to be more limited by her physical concerns than her mood and anxiety problems. Dr. Davis stated that it seemed that her reported fatigue and pain limited her functioning the most. She noted that the claimant did not tolerate the antidepressants she tried and did not even try them until 2007. Dr. Davis stated that her mood issues were not limiting her life except in the ways that they made her body more susceptible to physical illness. She stated that other than the claimant's complaints of fatigue and pain, she did not exhibit any impairment during the interview. The claimant's GAF was assessed as 60. This opinion is given significant weight as it is consistent with the objective medical evidence and her wide range of activities.

AR at 28. In addition to this, the substantial body of the record, contrary to plaintiff's assessments, is consistent with the ALJ's findings, as were her activities of daily living, her conservative medical treatment and her ability to go back to work.

Finally, the ALJ found that while plaintiff could perform her past relevant work, she also made an alternative finding at step five that plaintiff was capable of performing alternate work, including work as an assembler and cleaner. As the Commissioner points out, these positions require very little in terms of mental functioning, each being defined as unskilled with an SVP of 2. Dkt. 11 at 15. The Commissioner argues that there was no credible evidence to challenge the finding that plaintiff could perform these positions. Dkt. 11 at 15. Plaintiff does not challenge this assertion or suggest in any way that the ALJ's alternate finding at step five was error.

As discussed above, it is the duty of the ALJ to resolve ambiguities in the medical evidence. The ALJ carefully considered the record as a whole, and did not err by finding that plaintiff's mental impairments would not have more than a minimal limitation in her ability to perform basic mental work activities.

C.  The ALJ and Commissioner Did Not Err in the Treatment of the Opinions of Dr. Vega and Ms. Hinsz

Plaintiff's final assignment of error relates to a letter written by treating physician Fernando Vega, M.D. on September 8, 2010 and the opinions of plaintiff's therapist, Barbara Jo Hinsz. Dkt. 10 at 7-8. As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so

if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

### *1. Dr. Vega*

Dr. Vega wrote a letter addressed to the ALJ dated September 8, 2010, the day before the administrative hearing. It was hand-delivered to the ALJ, who directed plaintiff's attorney to electronically file the letter so it could be considered. AR at 46. Plaintiff's counsel's stated recollection is that he did so the next day. It did not make its way into the record being considered by the ALJ. However, it was made part of the record by the Appeals Council. AR at 5. The new evidence from Dr. Vega did not persuade the Appeals Council that the ALJ's decision should be changed.

Dr. Vega's letter states:

> Ms. Jarma Ram is a patient who has been under my care for the past nineteen years. She has had symptoms of multiple sclerosis for at least ten years and is currently on the most current medication for her condition. One of the most disabling features of her condition is fatigue. She has valiantly attempted full time work in the past but it proved to beyond her limits. I recommend that she be limited to 20 hour work week. If I may be of further assistance in this case please let me know.

AR at 313. Plaintiff appears to argue that the ultimate nondisabled decision failed to provide appropriate deference to the opinion of a treating physician.

Recently, the Ninth Circuit held that when the Appeals Council accepts additional medical records, which were unavailable to the ALJ at the time of the administrative hearing, the evidence is incorporated into the administrative record for review by the district courts. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159 (9th Cir. 2012). In *Brewes*, the Ninth Circuit considered additional evidence submitted to the Appeals Council after the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g). *See id.* at 1161-63. Sentence four of 42 U.S.C. § 405(g) states, "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42

REPORT AND RECOMMENDATION - 13

U.S.C. § 405(g). The *Brewes* court held that evidence submitted to the Appeals Council is not considered "new evidence" at all, but rather is part of the administrative record properly before the district court. *See id.* at 1164. Accordingly, Dr. Vega's letter is appropriately part of the record before the Court.

Plaintiff offers no argument that the letter assists her position that she is disabled, other than in the reply brief, which is improper. In the reply brief, plaintiff argues that it confirms "the serious limitations that she has had for 'at least ten years'" and it supports her credibility. Dkt. 12 at 3. Even considering the unsupported arguments, however, the Appeals Council did not err.

Under the regulations, a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also* 20 C.F.R. § 404.1527(e); SSR 96-5p (providing that medical source opinions about whether an individual who has applied for disability is "disabled" or "unable to work," "can never be entitled to controlling weight or given special significance"). Accordingly, the ALJ could properly reject opinions as to whether plaintiff was disabled or unable to work. Furthermore, as noted by the ALJ, the physicians' opinions were unaccompanied by any reference to specific evidence or clinical findings that support their conclusions, and were inconsistent with the medical evidence prior to the date last insured. AR at 19. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d at 957; *see also Batson,* 359 F.3d at 1195 (noting that "an ALJ may discredit a treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings).

Here, the letter from Dr. Vega is neither probative nor significant. As discussed above, a doctor's opinion on the ultimate issue of disability is not entitled to any special weight. Second, Dr. Vega's letter is unsupported, and is highly conclusory. Third, the letter ignores the fact that plaintiff, by the date of the letter, was already working at significant gainful activity levels for over a year. Finally, there is no language in the letter that would indicate that she was able to work at significant gainful activity levels in 2010, but was unable to do so prior to that time. The Appeals Council did not find the letter probative on the ultimate issue of disability, and did not err in so finding.

### 2. *Barbara Jo Hinsz*

In what appears to be an afterthought, plaintiff also apparently claims that the ALJ failed to give proper deference to opinions of Barbara Jo Hinsz, one of plaintiff's counselors. There is no discussion of this alleged error, and consequently, it is unsupported. In any event, the ALJ, in fact, did discuss Ms. Hinsz's opinions and rejected them. AR at 28. Ms. Hinsz is not considered to be an "acceptable medical source" under the regulations. 20 C.F.R. §§404.1513(a), 416.913(a). As such, the opinions can be rejected for "germane reasons." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-34 (9th Cir. 2010). As the ALJ noted, Ms. Hinsz's opinions could not be properly evaluated because plaintiff directed that she keep no notes, thereby making any subsequent letter of little value. The ALJ did not err in affording little weight to the opinions of Ms. Heinsz.

//
//
//
//
//

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be AFFIRMED and this case DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 30th day of November, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge